UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6340-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SALOMON RAMIREZ ESCALANTE,
a/k/a Alexis Manuel Medero-Melendez,

    Defendant.
_____/



## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. §3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS the Defendant, SALOMON RAMIREZ, DETAINED pursuant to the provisions of Sections (e), (f).

The Court specifically finds that no conditions or combinations of conditions will reasonably assure the appearance of the defendant as required and the safety of the community in that there is a serious risk that the defendant will flee and/or a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror.

The Court makes the following findings of fact with respect to the Order for Detention:

Factors:

a)     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

The Defendant stands indicted willfully and knowingly making a false statement in

an application for a passport with intent to induce and secure for his own use the issuance of the passport under United States law. Defendant claimed his true name to be "Alexis Manuel Medero" and that he was a U.S. citizen which statement he knew to be false. If the Defendant is convicted of this offense, he faces up to ten years in a federal prison and a $250,000 fine.

      b)    The weight of the evidence against the defendant.

The weight of the evidence against the Defendant is overwhelming. The Defendant entered the United States in April of 1993, from Colombia claiming political asylum. According to the Government proffer he did not appear for any hearings with respect to that issue. The Defendant applied for a passport in December of 1999, in Broward County with a valid birth certificate belonging to someone else. The Defendant substituted his photo for that of "Alex Medero."

      c)    The history and characteristics of the defendant.

The Defendant was born in Caldas, Colombia and is 54 years of age. Defendant told Pretrial Services that he is renting a room on Champion Boulevard in Ft. Lauderdale and lives there with a girlfriend. He has a wife in Colombia and children, a mother and a sister all living in Colombia.

According to the Pretrial Services Report the Defendant has been delivering pizzas for the two weeks prior to his arrest in this case. Law enforcement officials began an investigation into RAMIREZ and attempted to arrest him. They showed his photograph to his landlord who identified SALOMON RAMIREZ. Thereafter the Defendant absconded from the area leaving behind his belongings. When the Defendant was arrested he was <u>Mirandized</u> by a special agent from the United States Department of States. The

Defendant admitted using a birth certificate for which he paid $700. He attempted to use that birth certificate to get a U.S. passport. The Defendant listed a different address on his passport application then that given to Pretrial Services. The Defendant also has a Florida driver's license in a fake name. The Defendant's visa to be in this country expired in 1998.

    d)    The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This Court finds that there is a great risk the Defendant will flee if he is released on bail and he is ORDERED detained. He has no ties to the United States and has transient employment. He attempted to abscond when he learned that agents were looking for him.

IT IS HEREBY ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court also directs that the defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE and ORDERED in Chambers this 20 day of April, 2001, at West Palm Beach in the Southern District of Florida.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
AUSA - Scott Behnke
AFPD - Robin Rosen-Evans
U.S. Pretrial Services

3